# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:10-cr- |
| | § | 0183-B-1 |
| | § | |
| MARTHELLA BROADUS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marthella Broadus's Motion for Emergency Compassionate Release (Doc. 371). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On April 5, 2012, Marthella Broadus pleaded guilty to wire fraud, arson, and aiding and abetting and was sentenced to 240 months of imprisonment. Doc. 242, J., 1–2. She is currently forty-five years old, and she is confined at the Federal Medical Center (FMC) Carswell, with a scheduled release date of July 7, 2029.[1] FMC Carswell has sixty-seven confirmed active cases of the COVID-19 virus—sixty-five among its inmates and two among its staff.[2] Ms. Broadus now seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) because, she argues, she suffers from serious underlying medical conditions and, as a result, she is at a higher risk of severe illness if she contracts COVID-

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last visited July 8, 2020).

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited July 7, 2020)

19. Doc. 371, Def.'s Mot., 11.

Upon review, the Court concludes that Ms. Broadus has not exhausted her administrative remedies. Thus, she is not eligible for a sentence reduction at this time. Alternatively, Ms. Broadus's release is not warranted by extraordinary and compelling reasons. Therefore, Ms. Broadus's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)) (footnote omitted). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on [her] behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, "several courts have concluded that [the exhaustion] requirement is

not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (per curiam) (Higginson, J., concurring) (citations omitted).

### III.

### ANALYSIS

The Court finds that Ms. Broadus has not established exhaustion of her administrative remedies at the BOP. And even assuming she had, § 3582(c)(1)(A) does not warrant a sentencing reduction or compassionate release based on the merits of Ms. Broadus's case. Finally, to the extent that Ms. Broadus requests home confinement in lieu of imprisonment, the Court lacks the authority to order this change in conditions.

A.    *Ms. Broadus Has Failed to Exhaust Administrative Remedies or Show Circumstances Warranting an Exception.*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted *all administrative rights to appeal* a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier") (emphasis added).

Here, Ms. Broadus's request for a reduction in sentence was denied by the warden on May 22, 2020. Doc. 371, Def.'s Mot., 19. The warden's decision explained that she had twenty days to appeal the decision. *Id.* Ms. Broadus does not attach any evidence that she appealed the warden's decision. *See generally id.* Ms. Broadus, then, has not shown that she has "fully exhausted *all* administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse

of 30 days from the receipt of such a request by the warden . . ." § 3582(c)(1)(A) (emphasis added); *see also United States v. Shine*, 2020 WL 3440654, at *2 (N.D. Tex. June 23, 2020).

But "several courts have concluded that [the § 3582(c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Collier*, 956 F.3d at 807 (Higginson, J., concurring) (collected authority omitted).

As further explained below in the Court's discussion of the merits, Ms. Broadus has not persuaded the Court that her circumstances warranting an exception to § 3582(c)(1)(A)'s exhaustion requirement.

Due to her failure to exhaust her administrative remedies or justify an exception to the exhaustion requirement, the Court **DENIES** Ms. Broadus's motion for reduction **WITHOUT PREJUDICE** for re-filing after she has exhausted her administrative remedies, or if other circumstances arise that might excuse the exhaustion requirement. *See, e.g.*, *Orellana*, 2020 WL 1853797, at *1.

B.    *Irrespective of Exhaustion, Ms. Broadus Fails to Demonstrate Extraordinary and Compelling Reasons that Warrant Her Release.*

Regardless of Ms. Broadus's failure to exhaust her BOP remedies, however, she has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the

defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[3] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

First, Ms. Broadus asserts that she suffers from hypertension, high cholesterol, anemia, migraine headaches, and orthopedic problems that put her at a greater risk of experiencing serious symptoms should she contract COVID-19. Doc. 371, Def.'s Mot., 11. However, she provides no documentation to support these claims. *See generally id.* Without documentation of Ms. Broadus's illnesses, the Court will not consider whether Ms. Broadus's asserted health problems constitute extraordinary and compelling reasons warranting compassionate release.

Second, Ms. Broadus argues that her children's behavioral and emotional issues coupled with their caregivers' medical conditions in light of COVID-19 warrant granting her motion. *Id.* at 13. However, under the policy statement applicable to § 3582(c)(1)(A) and the Court's discretion, neither of these family circumstances are considered extraordinary and compelling reasons for purposes of compassionate release. "The death or incapacitation of the caregiver of the defendant's

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(a).

minor children" is the only family circumstance under the policy statement concerning children that may be considered an extraordinary and compelling reason for release. *See* § 1B1.13(1)(A) cmt. 1. And though the Court is not confined to the policy statement, the Court does not find that Ms. Broadus's family circumstances warrant an expansion here..

Finally, Ms. Broadus relies upon the COVID-19 pandemic itself as an "extraordinary and compelling basis for release." Doc. 371, Def.'s Mot., 12–13. Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Ms. Broadus. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Thus, this argument fails to justify Ms. Broadus's requested relief.

Accordingly, Ms. Broadus's motion also fails because she has not shown "extraordinary and compelling reasons" for her requested relief. *See* § 3582(c)(1)(A).

C.     *The Court Lacks the Authority to Order Home Confinement Instead of Imprisonment.*

Ms. Broadus seeks to be placed under home confinement as an alternative to sentence reduction. Doc. 371, Def.'s Mot., 14. However, the Court lacks the authority to grant this request. Rather, "such requests are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing, *inter alia*, 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted).

Thus, the Court lacks the authority to move Ms. Broadus to home confinement.

## IV.

## CONCLUSION

Based on Ms. Broadus's failure to show proof of exhaustion of administrative remedies, the Court denies Ms. Broadus's request to reduce her sentence under § 3582(c)(1)(A). Even if Ms. Broadus had satisfied the exhaustion requirement, however, her motion fails to demonstrate extraordinary and compelling reasons for a sentence reduction. Further, insofar as Ms. Broadus asks the Court to impose home confinement, the Court lacks the authority to do so. For all of these reasons, the Court **DENIES** Ms. Broadus's motion (Doc. 371) **WITHOUT PREJUDICE**.

By denying Ms. Broadus's motion without prejudice, the Court permits Ms. Broadus to file a subsequent motion for compassionate release in the event her circumstances later rise to the level of extraordinary and compelling. Additionally, if Ms. Broadus re-files a motion based on the above, the Court recommends that she obtain and provide recent medical information.

SO ORDERED.

SIGNED: July 9, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE