UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 3:10-CR-0183-B-1 |
| § | |
| § | |
| MARTHELLA BROADUS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marthella Broadus's Supplemental Motion to Reduce Sentence (Doc. 373) and Motion to Compel Judge to Issue a Judgment for Plaintiff's 18 U.S.C. [§] 3582 Motion (Doc. 376). For the reasons that follow, the motions are **DENIED WITHOUT PREJUDICE**.

## I.
## BACKGROUND

On April 5, 2012, Marthella Broadus pleaded guilty to wire fraud, arson, and aiding and abetting and was sentenced to 240 months of imprisonment. Doc. 242, J., 1–2. She is currently forty-five years old, and she is confined at the Federal Medical Center (FMC) Carswell, with a scheduled release date of July 7, 2029.[1] FMC Carswell has eight current cases of COVID-19 among inmates, two among staff, five COVID-19-related deaths, and 532 total recoveries.[2] Ms. Broadus now seeks

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last visited August 17, 2020).

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited August 17, 2020).

a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) because, she argues, she suffers from serious underlying medical conditions and, as a result, she is at a higher risk of severe illness if she contracts COVID-19. Doc. 371, Def.'s Mot., 11.[3]

Ms. Broadus originally motioned for compassionate release on July 21, 2020. *See* Doc. 371, Def.'s Mot. This Court denied that motion because Ms. Broadus failed to exhaust her administrative remedies and show extraordinary and compelling reasons for release. *See* Doc. 372, Mem. Op. & Order, 3. Ms. Broadus subsequently filed two motions: (1) Supplemental Motion to Reduce Sentence (Doc. 373), and (2) Motion to Compel Judgment (Doc. 376).

The Court ordered a response by the Government on both motions.. *See* Doc. 374, Electronic Order; Doc. 380, Electronic Order. All briefing has been filed, and the motions are ripe for review.

Upon review, the Court concludes that Ms. Broadus has not exhausted her administrative remedies and that her release is not warranted by extraordinary and compelling reasons. Therefore, Ms. Broadus's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States*

---

[3] This information comes from Ms. Broadus's first motion for compassionate release, which the Court previously denied. *See* Doc. 372, Mem. Op. & Order.

*v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.
## ANALYSIS

This Order is essentially a reconsideration of Ms. Broadus's first motion for compassionate release. Because Ms. Broadus has still failed to show exhaustion of her administrative remedies and extraordinary and compelling reasons for release, the Court concludes that § 3582(c)(1)(A) does not warrant a sentencing reduction or compassionate release in this case.

A.   *Ms. Broadus Has Failed to Show Exhaustion of Her Administrative Remedies.*

Under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, the Court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

Here, Broadus does not show proof of her exhaustion of administrative remedies, such as a copy of a request to the warden for compassionate release or the warden's confirmation of receipt. Without such evidence, the Court concludes that Broadus has not demonstrated exhaustion of her administrative remedies.

B.   *Irrespective of Exhaustion, Ms. Broadus Fails to Demonstrate Extraordinary and Compelling Reasons that Warrant Her Release.*

Regardless of Ms. Broadus's failure to exhaust her BOP remedies, she has not shown

"extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

In the Court's denial of Ms. Broadus's first compassionate release motion, the Court noted that Ms. Broadus "provide[d] no documentation to support [her] claims" of "hypertension, cholesterol, anemia, migraine problems, and orthopedic problems . . . ." Doc. 372, Mem. Op. & Order, 5 (citations omitted). In this motion, however, she attaches such documentation, in the form of medical records. *See* Doc. 373, Def.'s Mot., 7–16.

Moreover, the conditions at FMC Carswell have changed since the Court's previous Order. In early July, there were sixty-seven total cases at FMC Carswell. *See* Doc. 372, Mem. Op. & Order,

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

1 & 1 n. 2. Now, FMC Carswell has eight current cases of COVID-19 among inmates, two among staff, five COVID-19-related deaths, and 532 total recoveries. *See supra*, at 1. In fact, Ms. Broadus claims that she tested positive for the COVID-19 virus. Doc. 373, Def.'s Mot., 6.

However, the Court concludes that these circumstances do not rise to the level of "extraordinary and compelling" in Ms. Broadus's case, for several reasons. First, Ms. Broadus does not provide evidence that she was diagnosed with COVID-19. *See id.* Even if she did, Ms. Broadus fails to show how FMC Carswell cannot provide her care in response to her COVID-19 diagnosis—which, even by Ms. Broadus's own timeline, occurred six days before she filed her motion. *See id.* (alleging diagnosis on July 15, 2020, but filing motion on July 21, 2020).

Additionally, in Ms. Broadus's Motion to Compel, she alleges that there are inhumane conditions at FMC Carswell, such as a lack of toothpaste, other hygiene products, and hot meals. Doc. 376, Def.'s Mot., 2–3. However, as the Government points out, *see* Doc. 381, Gov't's Resp., 2–3, Ms. Broadus does not have any evidence of such conditions besides her unverified motion. Without more evidence, such as prisoner or officer affidavits, the Court will not use Ms. Broadus's allegations as evidence favoring compassionate release.[5]

Therefore, Ms. Broadus has not shown "extraordinary and compelling reasons" for her release. *See* § 3582(c)(1)(A).

C.  *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests That Compassionate Release Is Not Warranted.*

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Due to Ms. Broadus's failure

---

[5] The Court does not comment on whether such evidence would support compassionate release.

to show extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense . . . ." § 3553(a)(2)(A).

In Ms. Broadus's case, the Court found twenty years of imprisonment appropriate to serve these goals. *See* Doc. 242, J., 2. Given that Ms. Broadus is scheduled to be released in July of 2029, she still has just under half of her sentence to be served. *See supra*, at 1. Under these circumstances—and the violent nature of arson, Ms. Broadus's crime—the Court is reluctant to conclude that the § 3553 factors support compassionate release. Thus, while the Court declines to foreclose compassionate release for Ms. Broadus based on § 3553, the Court advises Ms. Broadus that § 3553 could present an obstacle with respect to future compassionate release requests.

## IV.

## CONCLUSION

Ms. Broadus's second request for compassionate release under § 3582(c)(1)(A) fails, because she does not provide evidence of exhaustion or demonstrate extraordinary and compelling reasons for compassionate release. The Court thus **DENIES** Ms. Broadus's motion (Doc. 373) and Motion to Compel Judge to Issue a Judgment for Plaintiff's 18 U.S.C. [§] 3582 Motion (Doc. 376) **WITHOUT PREJUDICE**.

By denying Ms. Broadus's motions without prejudice, the Court permits Ms. Broadus to file a subsequent motion for compassionate release. However, the Court notes that the evidence Ms. Broadus currently has is insufficient to warrant compassionate release and that she has not provided proof of exhaustion. Additionally, before granting compassionate release under § 3582(c)(1)(A), the

Court must also consider the factors of § 3553. § 3582(c)(1)(A). Though the Court need not conduct that analysis today, it notes that § 3553 appears to favor a denial of compassionate release.

**SO ORDERED.**

**SIGNED: August 18, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE