UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:10-CR-0183-B-1 |
| | § | |
| MARTHELLA BROADUS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Marthella Broadus's Motion to Reduce Term of Imprisonment (Doc. 392) and Motion Requesting Status of Request for Compassionate Release (Doc. 394). Broadus seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), Doc. 392, and an update on her request. Doc. 394. For the following reasons, Broadus's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**, and her Motion Requesting Status is **DENIED AS MOOT**.

I.

BACKGROUND

On July 7, 2010, Broadus pleaded guilty to Wire Fraud and Arson. Doc. 243, Am. J., 1. On April 11, 2012, the Court sentenced Broadus to 240 months of imprisonment. *Id.* at 2. Broadus is now 50 years old and is confined at the Federal Medical Center, Carswell, with a scheduled release date of July 7, 2029.[1]

Broadus filed a Motion to Reduce Term of Imprisonment on November 3, 2023. Doc. 392, Mot. She argues that her family circumstances, a change in the law, and rehabilitation support

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc (last visited March 28, 2025).

-1-

reducing her sentence. *Id.* at 9–10.[2] The Court considers Broadus's Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.   *Broadus Has Demonstrated Proof of Exhaustion.*

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotations omitted) (emphasis in original).

Broadus has met this requirement. She attaches to her Motion a request for compassionate release that she sent to the warden and the warden's response denying her request. Doc. 392, Mot., 11–12. Since she exhausted all her administrative remedies, the Court proceeds to the merits.

---

[2] The citations to Broadus's Motion for Compassionate Release (Doc. 392) and Motion Requesting Status (Doc. 394) refer to the pagination on the Case Management/Electronic Case Files system.

B.  *Broadus Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Broadus has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[3] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although

---

[3] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."). Considering Broadus's Motion in light of § 1B1.13, the Court concludes that Broadus's family circumstances, a change in the law, and her rehabilitation do not constitute "extraordinary and compelling reasons" warranting compassionate release.

    1.    <u>Broadus's Family Circumstances Are Not an Extraordinary and Compelling Reason.</u>

Broadus first argues her family circumstances warrant a sentence reduction. Section 1B1.13 describes four instances in which family circumstances might warrant extraordinary and compelling reasons: (A) "[t]he death or incapacitation of the caregiver of the defendant's minor child," (B) "[t]he incapacitation of the defendant's spouse . . . when the defendant would be [their] only available caregiver;" (C) "[t]he incapacitation of the defendant's parent when the defendant would be [their] only available caregiver;" and (D) other similar circumstances in which the defendant would be the only available caregiver. § 1B1.13(b)(3)(C).

Broadus alleges none of these circumstances. She does not allege that her mother is incapacitated, but only that her health is deteriorating. Doc. 392, Mot., 9. Thus, Broadus failed to establish that her mother is incapacitated. *See United States v. Wilson*, No. 1:07-CR-00236-MAC-CLS-1, 2024 WL 4267923, at *6 (E.D. Tex. Sept. 23, 2024) (finding no extraordinary and compelling circumstances warranting release when a defendant provided no documentation that his parents were incapacitated). Neither does Broadus allege that she is the only available caretaker for her mother. *See Wilson*, 2024 WL 4267923, at *6 (denying compassionate release in part because a defendant did not show he was the only caregiver available for his parents). Instead, Broadus says that her mother was admitted to a rehabilitation center to be cared for, Doc. 392, Mot., 9, and has

since returned home to continue rehabilitation. Doc. 393, Am., 1. Moreover, Broadus fails to provide any documentation to support her mother's health problems. While the Court sympathizes with Broadus's commendable to desire to take care of her mother, Broadus's family circumstances do not warrant a reduction.

    2.    <u>A Change in the Law Does Not Warrant a Sentence Reduction.</u>

Broadus further explains that a change in the law supports a sentence reduction. *See* Doc. 394, Mot. Status, 2 (contending she qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) and § 1B1.13(b)(6) of the Sentencing Guidelines). Under § 1B1.13(b)(6), a change in the law may constitute an extraordinary and compelling reason if it "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." To qualify for this relief, a defendant must have received an unusually long sentence and served at least 10 years of imprisonment. § 1B1.13(b)(6).

Section 1B1.13(b)(6) does not warrant a sentence reduction. First, there have been no changes in the laws under which Broadus was sentenced. Broadus was sentenced in 2012, and the last amendments to the arson and wire fraud statutes were in 2004 and 2008, respectively. *See* 18 U.S.C. § 844 (2004); *id.* at § 1343 (2008). Furthermore, a 240-month sentence for Broadus's crimes is not unusually long. *See, e.g.*, *United States v. Smith*, No. CRIMA 01-348, 2006 WL 2803055, at *1, *9 (E.D. La. Sept. 26, 2006) (denying *habeas* to a defendant who was sentenced to 210 months for arson, mail fraud, conspiracy to commit arson and mail fraud, use of fire to commit a felony, and witness tampering). Broadus argues she qualifies for this relief because she has served over ten years. But this factor alone does not satisfy § 1B1.13(b)(6). Thus, § 1B1.13(b)(6) does not warrant a sentence reduction.

### 3. Broadus's Rehabilitation Does Not Warrant a Sentence Reduction.

Finally, Broadus explains that she has been rehabilitated while incarcerated. Doc. 392, Mot 9. She includes certificates that show she completed multiple programs during her incarceration. Doc. 394, Mot. Status, 6–10. While the Court commends Broadus's efforts to rehabilitate, Broadus correctly acknowledges that rehabilitation alone is not an extraordinary and compelling circumstance warranting release but can be considered along with her other reasons. *See* Doc. 392, Mot 9; *see also Shkambi*, 993 F.3d at 391 ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." (quotation omitted)). Since the other reasons Broadus provides in support of granting compassionate release fail, Broadus's rehabilitation does not warrant a sentence reduction.

C.  *The § 3553(a) Factors Do Not Favor Compassionate Release.*

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The Court found twenty years of imprisonment would serve these goals. *See* Doc. 243, Am. J., 2. Broadus is scheduled to be released in July 2029, so four years of her sentence remain. These remaining four years represent almost a quarter of the total time she is set to serve. *See id.* Considering Broadus's remaining time and the violent nature of her crime, the Court finds that the § 3553 factors likely disfavor compassionate release.

## IV.

## CONCLUSION

For the foregoing reasons, Broadus's Motion to Reduce Term of Imprisonment (Doc. 392) is **DENIED WITHOUT PREJUDICE**. By denying Broadus's Motion without prejudice, the Court permits Broadus to file a subsequent motion seeking compassionate release in the event she demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that she satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) factors support her release. Broadus's Motion Requesting Status (Doc. 394) is **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED: March 31, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE